# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ankit Ankit, | No. CV-26-01170-PHX-SPL (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 (Doc. 1). The Court issued an Order to Show Cause why the Petition should not be granted. (Doc. 7.) The OSC is fully briefed. (Docs. 9-10.) The Court grants the Petition and orders Petitioner's immediate release from custody.

Petitioner entered the United States without inspection on April 21, 2023. He was briefly detained by DHS and was subsequently released on an Order of Release on Recognizance. Respondents redetained Petitioner on February 13, 2026 without notice or an opportunity to respond to his redetention. In its OSC, the Court directed Respondents to show cause why the Petition should not be granted. The OSC specifically directed Respondents to address the argument that Petitioners' release on an Order of Release on Recognizance created a liberty interest in his release from custody. (Doc. 7.)

Respondents' response to the Petition focused solely on whether Petitioner was entitled to a bond hearing, maintained he was not so entitled, but nonetheless conceded Petitioner is a class member in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025

WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  (Doc. 9.)  Respondents' response did not address the issue of whether Petitioner's prior release from custody created a liberty interest in his freedom requiring a pre-deprivation hearing before being redetained.  The Court therefore finds Respondents have waived any challenge to Petitioner's claim. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

Petitioner's claim is nonetheless meritorious.  The Court has little difficulty concluding Petitioner had a protected liberty interest in his release from immigration detention and was entitled to a pre-deprivation hearing before rearrest and detention. *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); *see also Y.M.M. v. Wamsley*, No. 2:25-02075, 2025 WL 3101782, at *3 (W.D. Wash. Nov. 6, 2025); *Ramirez Tesara v. Wamsley*, No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663, at *5,__ F. Supp. 3d __ (W.D. Wash. Sep. 12, 2025); *E.A. T.-B. v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *2–6,__ F. Supp. 3d __ (W.D. Wash. Aug. 19, 2025);  *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is inherent in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

Respondents also did not address the three-pronged test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  *Mathews* explains "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and

the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

As to the first factor, "[f]reedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process.").

As to the second factor, Respondents do not address, much less support, why Petitioner was redetained when he was previously released and determined to be neither a flight risk nor a danger. Petitioner remains in traditional removal proceedings under § 1229 and, as a result, is subject to detention under § 1226 and is not subject to mandatory detention.

Finally, as to the third *Mathews* factor, as cited above in *Ortega* "[i]f the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." 415 F. Supp. 3d at 970. Further, detention hearings in immigration courts are commonplace and impose a "minimal cost." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). In addition, here, Respondents' interest is even lower because Petitioner was previously released after immigration officials determined he was not a flight risk or danger to the community, and there is no indication Petitioner violated any condition of his release. *See Pinchi v. Noem*, No. 25cv05632-RMI, 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025).

The Court finds that the *Mathews* factors weigh in favor of determining Petitioner was entitled to a hearing before being redetained. *See J.E.H.G. v. Chesnut*, 1:25-CV-01673-JLT SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025) ("[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a

1 danger to the community or a flight risk.  Since it is the government that initiated re-
2 detention, it follows that the government should be required to bear the burden of providing
3 a justification for the re-detention.").  "The only potential injury the government faces is a
4 short delay in detaining [Petitioner] if it ultimately demonstrates to a neutral decisionmaker
5 by clear and convincing evidence that [the] detention is necessary to prevent danger to the
6 community or flight."  *Pinchi*, 792 F. Supp. 3d at 1037-38.  For all these reasons, the
7 Petition will be granted, and Petitioner will be ordered released from custody immediately.
8 *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention
9 is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he
10 traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his redetention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 25th day of February, 2026.

Honorable Steven P. Logan
United States District Judge